and the right of passage are not thereby injured or interrupted.

This opinion has not been hastily formed, but is the result of as full an investigation as I could bestow upon the subject. It is believed that Pennsylvania has substantially acted upon this principle. It is said that from the Trenton Falls upwards, the waters are in many places diverted from their natural courses, for the accommodation of mills, without the consent of New Jersey. The Bristol canal is to be supplied by tapping the Lehigh river, near to the place where it empties itself into the Delaware. Now the principle that the owner of a river, has a right to insist that the waters of a tributary stream, shall not be diverted from its natural course, until it reaches its destination, is as fully established, as that the course or waters of the main river, shall not be altered or diverted: and the injury to New Jersey is precisely the same in this case as if the water was taken from the Delaware itself.

29th January, 1828.

---

RUNDLE v. JONES. See Case No. 12,138.

RUNDLET (JACKSON v.). See Case No. 7,-145.

RUNDLETT (UNITED STATES v.). See Case No. 16,208.

RUNION (VARNUM v.). See Case No. 16,-892.

RUNKLE (HERRON v.). See Case No. 6,428.

---

## Case No. 12,139a.

In re RUNZI et al.

[See 3 Fed. 790.]

---

## Case No. 12,140.

The RUPEE.

[1 Haz. Reg. U. S. 202.]

District Court, D. Massachusetts. 1839.

SEAMEN'S WAGES—DISCHARGE IN FOREIGN PORT.

[A seaman discharged in a foreign port, without his consent, because his vessel was condemned as unseaworthy, is not entitled to recover three months' extra wages, under the act of congress (1 Stat. 131), if the vessel was seaworthy on commencing the voyage, but was rendered unseaworthy by injuries sustained through violent weather.]

[This was a libel in rem for seamen's wages.] The mate of the brig Rupee libelled the vessel for wages, at the rate of twenty-five dollars a month, for several months beyond the time specified in his first article, in which that sum was stipulated, no stated wages having been stipulated in the two subsequent articles under which he served. At Liverpool, whither she had sailed from Boston, the vessel was condemned as unseaworthy, in consequence of injuries she sustained in a storm which she encountered after leaving the former port for Boston, and which compelled her to put back; and he sought, also, to recover three months' wages, as provided by the act of congress, for being discharged in a foreign port without his consent.

THE COURT decided that he was entitled to the rate of wages claimed, up to the time of his discharge at Liverpool, but decreed that his claim for three months' extra wages after his discharge could not be sustained, as the brig was seaworthy when she sailed on her voyage, and the discharge of the libellant at Liverpool having been occasioned by the injury done to the brig by tempestuous weather; therefore the respondents were not bound to pay the three months' extra wages.

---

## Case No. 12,141.

In re RUPP.

[4 N. B. R. 95 (Quarto, 25).] [1]

District Court, N. D. Ohio. 1870.

BANKRUPTCY — PARTNERSHIP — JOINT PROPERTY — EXEMPTIONS.

Joint assets are liable to the provisions of the bankrupt act [of 1867 (14 Stat. 517)], allowing exceptions. Where there are not sufficient individual assets, assignees cannot refuse to set aside exempt property out of joint property.

[Cited in Re Parks, Case No. 10,765. Cited contra in Re Blodgett, Id. 1,555; Re Handlin, Id. 6,018; Re Corbett, Id. 3,220. Cited in Re Melvin, Id. 9,406.]

In bankruptcy.

J. C. Hutchins and E. H. Ensign, for Geo. W. Rupp.

Geo. P. Hunter, for assignee.

SHERMAN, District Judge. This case comes up on exceptions to the register's report. Two questions are raised:

First. Was Samuel W. Rupp a partner in the firm of George W. Rupp & Co.? The testimony fully establishes the fact that he was a partner.

Second. Is George W. Rupp, the other partner, entitled to claim out of the partnership funds the exemption of three hundred dollars allowed by the laws of Ohio, in lieu of a homestead? This question has heretofore been before me, and I have decided it in the negative on the ground that partnership funds are in the nature of trust funds, and are not liable to the separate and personal claims of the partners, until the partnership creditors are satisfied. The question was not examined with that care that its frequency and importance demand. I have now examined it, and in view of late leading cases, have come to a different conclusion. By the common law, no exception or homestead is secured to a debtor. They both owe their creation to late legislation, both by state and national authority. The policy of both has been adopted by almost if not all the states. The object and policy of such laws, so universally adopted, cannot be disregarded. The whole series of laws on these subjects are remedial, not restricting any prior right, but securing to an unfortunate debtor some portion from the wreck of his

---

[1] [Reprinted by permission.]